MICHAEL FAILLACE ESQ.
Michael A. Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTOR MANUEL GARCIA GAMBOA and CANDIDO COSME (A.K.A. FERNANDO COSME CABRERA), *individually and on behalf of others similarly situated,*

*Plaintiffs*,

-against-

BRUNO'S BEST PIZZA INC. (D/B/A BEST PIZZA), BEST PIZZA II CORP. (D/B/A BEST PIZZA) AND QANI OSMANI ,

*Defendants.*
-------------------------------------------------------X

**Complaint**

**Collective Action under 29 U.S.C. § 216(b)**

**ECF Case**

Victor Manuel Garcia Gamboa and Candido Cosme (a.k.a. Fernando Cosme Cabrera) ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace Esq., upon their knowledge and belief, and as against Bruno's Best Pizza Inc. (d/b/a Best PIZZA), Best Pizza II Corp. (d/b/a Best Pizza) And Qani Osmani (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of Defendants Bruno's Best Pizza Inc. (d/b/a Best PIZZA), Best Pizza II Corp. (d/b/a Best Pizza) And Qani Osmani .

2. Defendants own(ed), operate(d), and/or control(led) a pizzeria located at 1038 First Avenue, New York, New York 10022 under the name Best Pizza and another Pizzeria located at 1140 First Avenue, New York, New York 10065 under the name Best Pizza II.

3. Plaintiffs were employed by defendants as pizza makers, cashiers and counter attendants.

4. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked over 40 each week.

5. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs (and similarly situated employees) appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

6. Further, Defendants failed to pay Plaintiffs (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

7. Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

8. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a) (2009)

(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

9. Plaintiffs now seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

11. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

**THE PARTIES**

*Plaintiffs*

12. Victor Manuel Garcia Gamboa ("Plaintiff Garcia" or "Mr. Garcia ") is an adult individual residing in New York County, New York. He was employed by Defendants from approximately February 2021 until on or about July 2021, from approximately August 2021 until on or about November 2021 and from approximately March 2022 until on or about December 23, 2022.

13. Candido Cosme (a.k.a. Fernando Cosme Cabrera) ("Plaintiff Cosme " or "Mr. Cosme ") is an adult individual residing in Bronx County, New York. He was employed by Defendants from approximately 2007 until on or about December 23, 2022.

14. Plaintiffs consent to being parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

15. At all times relevant to this Complaint, Defendants own(ed), operate(d), and/or control(led) a pizzeria located at 1038 First Avenue, New York, New York 10019, under the name Best Pizza and another pizzeria located at 1140 First Avenue, New York, New York 10065 under the name Best Pizza II.

16. Upon information and belief, Bruno's Best Pizza Inc. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 1038 First Avenue, New York, New York 10022.

17. Upon information and belief, Best Pizza II Corp. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 1140 First Avenue, New York, New York 10065.

18. Defendant Qani Osmani is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Qani Osmani is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

19. Upon information and belief, Defendant Qani Osmani possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

20. Defendant Qani Osmani determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operate two pizzerias under the name "Best Pizza and Best Pizza II," located in the Sutton Place and Upper East side sections of Manhattan.

22. Upon information and belief, individual defendant Qani Osmani possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

27. Upon information and belief, individual Defendant Qani Osmani operates Defendant Corporation as either an alter ego of themselves, and/or fail to operates Defendant Corporation as an entity legally separate and apart from himself by, among other things:

a. failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

b. defectively forming or maintaining the Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating Defendant Corporation for his own benefit as the sole or majority shareholder;

e. operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

f. intermingling assets and debts of his own with Defendant Corporation;

g. diminishing and/or transferring assets to protect his own interests; and

h. other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs,

controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

29. In each year from January 2019 until on or about December 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Best Pizza and Best Pizza II , such as pizza slices and beverages, were produced outside the state of New York.

*Plaintiffs*

31. Plaintiffs are former employees of Defendants, who were employed as pizza makers, cashiers and counter attendants.

32. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Victor Manuel Garcia Gamboa*

33. Plaintiff Garcia was employed by Defendants from approximately February 2021 until on or about July 2021, from August 2021 until on or about November 2021 and from approximately March 2022 until on or about December 23, 2022.

34. Throughout his employment with defendants, Plaintiff Garcia was employed as a pizza maker, cashier and counter attendant.

35. Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

36. Plaintiff Garcia's work duties required neither discretion nor independent judgment.

37. Plaintiff Garcia regularly worked in excess of 40 hours per week.

38. Throughout his employment with Defendants, Plaintiff Garcia worked from approximately 10:00 a.m. until on or about 10:00 p.m. Mondays through Thursdays and Saturdays, from approximately 5:00 p.m. until on or about 10:00 p.m. on Fridays and from approximately 11:00 a.m. until on or about 10:00 p.m. on Sundays, taking either Tuesdays or Sundays off on different weeks (typically 65 to 66 hours per week).

39. Throughout his employment with defendants, Plaintiff Garcia was paid his wages in a combination of check and cash.

40. From approximately February 2021 until on or about May 2022, Plaintiff Garcia was paid $15.50 per hour.

41. From approximately May 2022 until on or about December 16, 2022, Plaintiff Garcia was paid $16.00 per hour.

42. Defendants did not pay Plaintiff Garcia any wages for his last week of work.

43. Every day Defendant Osmany retained $50 to $80 in tips that customers left for Plaintiff Garcia and his co-workers.

44. Defendants did not provide Plaintiff Garcia with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

45. Plaintiff Garcia was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. Instead, Defendants required Plaintiff Garcia to enter his start and stop times on a piece of paper.

47. No notification, either in the form of posted notices or other means, was given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Garcia with each payment of wages a statement of wages, as required by NYLL 195(3).

49. Defendants never provided Plaintiff Garcia, any notice in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50. Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including 2 red or white shirts and 2 hats.

*Plaintiff Candido Cosme (a.k.a. Fernando Cosme Cabrera)*

51. Plaintiff Cosme was employed by Defendants from approximately 2008 until on or about December 2022.

52. Throughout his employment with defendants, Plaintiff Cosme was employed as a pizza maker, cashier and counter attendant.

53. Plaintiff Cosme regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

54. Plaintiff Cosme ' work duties required neither discretion nor independent judgment.

55. Plaintiff Cosme regularly worked in excess of 40 hours per week.

56. From approximately January 2019 until on or about December 2022, Plaintiff Cosme worked from approximately 10:00 a.m. until on or about 10:00 p.m. Mondays through Fridays (typically 60 hours per week).

57. From approximately January 2019 until on or about December 2022, Plaintiff Cosme was paid his wages in a combination of check and cash.

58. From approximately January 2019 until on or about December 2022, Plaintiff Cosme was paid a fixed salary of $200 per day.

59. Every day Defendant Osmany retained $50 to $80 in tips that customers left for Plaintiff Cosme and his co-workers.

60. Plaintiff Cosme's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

61. For example, Defendants required Plaintiff Cosme to work an additional 15 minutes after his departure time at least once a week, and they did not pay him for the additional time he worked.

62. Plaintiff Cosme was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

63. Instead, Defendants required Plaintiff Cosme to enter his start and stop times on a piece of paper that they required him to sign in order to get paid.

64. Defendants did not provide Plaintiff Cosme with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

65. No notification, either in the form of posted notices or other means, was given to Plaintiff Cosme regarding overtime and wages under the FLSA and NYLL.

66. Defendants did not provide Plaintiff Cosme with each payment of wages a statement of wages, as required by NYLL 195(3).

67. Defendants never provided Plaintiff Cosme , any notice in English and in Spanish (Plaintiff Cosme ' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

68. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them appropriate overtime and spread of hours compensation, as required by federal and state laws.

69. As part of his regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

70. Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

71. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

72. Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

73. Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

74. For a part of their employment with defendants, Plaintiffs were paid their wages in a combination of check and cash.

75. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

76. Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

77. Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

78. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

79. Plaintiffs bring their FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

80. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

81. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

82. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

83. The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

86. Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

88. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

89. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

90. Defendants failed to pay Plaintiffs (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

91. Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

93. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94. Defendants failed to pay Plaintiffs (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

95. Defendants' failure to pay Plaintiffs (and the FLSA class members) an additional hour's pay for each day Plaintiffs' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

96. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

100. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101. Defendants failed to provide Plaintiffs with a written notice, in English and in

Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

102. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

103. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

104. Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL 195(3).

105. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiffs and the FLSA class members;

(e) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA class members;

(k) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiffs and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 14,2025

MICHAEL FAILLACE ESQ.

/s/ Michael Faillace
By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*